This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**IN THE MATTER OF ALFONSO G. SANCHEZ,**

    Petitioner-Appellant,

**v.**                                                                 **No. 33,563**

**ARLENE SANCHEZ,**

    Conservator-Appellee,

and

**CECILIA SANCHEZ,**

    Successor Conservator-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Alfonso G. Sanchez
Santa Fe, NM

Pro Se Appellant

Bulman Law PC
Shannon Broderick Bulman
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}    Alfonso G. Sanchez, a self-represented litigant, appeals from the district court's Order Resolving Alfonso G. Sanchez's Complaint for Interpleader, to Amend, to Appoint Attorney, Surveyor, Appraiser and for Injunctive Relief (Order) "and all pleadings relating to said Order." [DS 22; RP Vol.II/443, *see also* RP Vol.II/429] In our second calendar notice, filed December 22, 2014, we proposed to affirm the Order entered on January 10, 2014. [CN 6] We also stated that to the extent that Sanchez was appealing the guardianship and conservatorship orders entered before January 10, 2014, we proposed to dismiss Sanchez's appeal as untimely. [Id.]

{2}    On January 13, 2015, attorney Richard S. Mackenzie filed a response on behalf of Sanchez, in which he informed this Court that he was representing Sanchez and he requested an extension of time to prepare a memorandum in opposition. The motion for extension was granted through March 12, 2015, with a note stating "[a]ny further request for extension will be disfavored." On March 11, 2015, Mackenzie filed a response informing this Court that he had a conflict and could no longer represent Sanchez; and on March 19, 2015, this Court entered an order allowing Mackenzie to withdraw as counsel. In the interim, on March 12, 2015, Sanchez filed a motion for

extension of time to file his memorandum in opposition to the second calendar notice, which was granted through April 1, 2015. On April 1, 2015, Sanchez filed another motion for extension of time to file his memorandum in opposition to the second calendar notice, which was granted through June 1, 2015, with a note stating that "future requests for extension will be disfavored." Included in this motion was a request for appointment of counsel, which was denied. On June 1, 2015, Sanchez filed yet another request for extension of time, which was ultimately denied on June 10, 2015.

{3}     On June 23, 2015, Sanchez filed a "Motion to Dismiss," which we construe as an untimely memorandum in opposition and address herein. While we acknowledge Sanchez's arguments that this Court should appoint private counsel to represent him in this matter, we have previously considered and addressed these arguments. Likewise, we have previously considered and addressed Sanchez's arguments that there were errors with the underlying guardianship and conservatorship proceeding.

{4}     Although Sanchez was given numerous opportunities to do so, he has not pointed out errors in fact or law with our proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v.*

*Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, for the reasons stated in our first and second notices of proposed disposition, we affirm the Order entered on January 10, 2014, and, to the extent that Sanchez was appealing the guardianship and conservatorship orders, entered before January 10, 2014, we dismiss Sanchez's appeal as untimely.

{5}    **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**RODERICK T. KENNEDY, Judge**